1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| JONATHAN WEBB, | Case No. 20cv2211-MMA-WVG |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING, LLC and DOES 1 through 10, | [Doc. No. 16] |
| Defendants. | |

11
12
13
14
15
16
17
18

19    Jonathan Webb ("Plaintiff") brings this action against Midland Credit

20   Management, Inc., and Midland Funding, LLC (collectively, "Defendants") alleging

21   violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

22   *See* Doc. No. 3 ("FAC").  Defendants move to dismiss the action in its entirety for lack of

23   subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See*

24   Doc. No. 16.  In the alternative, Defendants request that the Court enter judgment in their

25   favor on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  *Id.*  Plaintiff

26   filed an opposition to the motion, to which Defendants replied.  *See* Doc. Nos. 22, 23.

27   For the reasons set forth below, the Court **GRANTS** Defendants' motion for judgment on

28   the pleadings.

1

## BACKGROUND

2       This action arises out of events related to the litigation of a state court action

3  brought by Midland Funding, LLC ("Midland") against Plaintiff in Los Angeles County

4  Superior Court. *See Midland Funding, LLC v. Webb*, Sup. Ct. Case No. 18NWLC43321.

5       On December 11, 2018, Midland filed a state court complaint against Plaintiff "for

6  the principal amount of $2,183.46 and costs of $246.00 for a total of $2,429.46." *See*

7  Doc. No. 3-4 at 2.[1]  Shortly after, a Midland employee, Jeanette Ruff ("Ruff"), prepared a

8  "Declaration in Lieu of Testimony" ("Declaration"), served Plaintiff with the

9  Declaration, *see* FAC ¶ 12, and filed the Declaration with the state court. *See* Doc. No.

10  16-9 at 2.  However, Plaintiff's service copy allegedly differed from the copy filed with

11  the court in so far as Plaintiff's copy was missing the first two and a half paragraphs of

12  Ruff's declaration testimony. *Compare* Doc. No. 3-2 *with* Doc. No. 3-3.  Plaintiff alleges

13  he was not aware of the missing content until after the state court issued its final order

14  and judgment. *See* FAC ¶ 22.

15       The missing paragraphs included Ruff's statement that she is an officer of

16  Midland, which the state court accepted as true. *See* Doc. No. 3-4 at 3.  Ruff's

17  characterization as an officer was dispositive to the outcome of the state court action. *See*

18  Doc. No. 3-4 at 3.  Specifically, absent Ruff's characterization as an officer of Midland,

19  the state court would not have admitted the Declaration into evidence in lieu of Ruff's

20  live testimony at trial. *See* FAC ¶¶ 17–19, 22.  Ruff's declaration testimony provided the

21  key evidence which in the state court's judgment established Plaintiff's liability on

22  account stated and breach of contract theories for the full amount of the debt owed. *See*

23  Doc. No. 3-4 at 3–4.

24       Plaintiff alleges, however, that "R[uff] was never an officer" and that Defendants'

25  "characterization of R[uff] as an 'officer' . . . was false and misleading." *See* FAC ¶¶

26

27  _____

28  [1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system unless otherwise noted.

13–14.  Plaintiff alleges that the misrepresentation violated sections 1692e, 1692f, and 1692k of the FDCPA and seeks actual damages, statutory damages, costs, and reasonable attorney fees.[2]

### DISCUSSION

Defendants move to dismiss this action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction.  Specifically, Defendants argue that Plaintiff's claims are barred under the doctrine established by *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ("*Rooker-Feldman*"), which "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  In the alternative, Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that this action is precluded in light of the previous state court proceeding.

Plaintiff opposes Defendants' motion on both grounds.  Plaintiff argues that "the facts of this case fall within the extrinsic fraud exception to the doctrine" but that "the 'exception' is not even required because the current case does not constitute a de facto appeal and therefore *Rooker-Feldman* is inapplicable in the first instance."  Doc. No. 22 at 12, 16.  Plaintiff further contends that neither issue nor claim preclusion bar this action.

### 1. Legal Standards

#### a. Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) allows for dismissal of a complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Subject matter jurisdiction must exist when the action is commenced.  *Morongo Band of Mission Indians v. California State Bd. of*

---

[2] The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C §§ 1692e, 1692f.

20cv2211-MMA-WVG

1  *Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Further, subject matter jurisdiction

2  may be raised "at any stage of the litigation."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506

3  (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

4  subject-matter jurisdiction, the court must dismiss the action.").  A party may properly

5  challenge standing in a Rule 12(b)(1) motion given standing "pertain[s] to a federal

6  court's subject matter jurisdiction under Article III."  *White v. Lee*, 227 F.3d 1214, 1242

7  (9th Cir. 2000).

8      A facial attack on jurisdiction asserts that the allegations in a complaint are

9  insufficient to invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d

10  1035, 1039 (9th Cir. 2004).  In resolving a facial challenge to jurisdiction, the Court

11  accepts the allegations of the complaint as true and draws all reasonable inferences in

12  favor of Plaintiff.  *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).  Where

13  dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not

14  possibly cure the defects in the pleading.  *Knappenberger v. City of Phoenix*, 566 F.3d

15  936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

16                b. <u>Federal Rule of Civil Procedure 12(c)</u>

17      Pursuant to Rule 12(c), "[a]fter the pleadings are closed . . . a party may move for

18  judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The factual allegations of the

19  nonmoving party are accepted as true.  *See Hal Roach Studios v. Richard Feiner & Co.*,

20  896 F.2d 1542, 1550 (9th Cir. 1989).  "Judgment on the pleadings is properly granted

21  when, accepting all factual allegations as true, there is no material fact in dispute, and the

22  moving party is entitled to judgment as a matter of law."  *Chavez v. United States*, 683

23  F.3d 1102, 1108 (9th Cir. 2012) (internal quotations omitted).  "Analysis under Rule

24  12(c) is 'substantially identical' to analysis under Rule 12(b)(6) . . .."  *Id.*

25          **2. *Requests for Judicial Notice***

26      Both parties request that the Court take judicial notice of certain documents.  The

27  Court addresses each request in turn.

28  *//*

a. <u>Legal Standard</u>

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint . . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)) (discussing that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment); *see also* Fed. R. Civ. P. 12(d) (explaining that if the court considers other materials, a motion brought pursuant to Rule 12(b)(6) or (c) is converted into a motion for summary judgment under Rule 56). However, "a court may take judicial notice of matters of public record," *Khoja*, 899 F.3d at 999 (quoting *Lee*, 250 F.3d at 689), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125–26; *see also* Fed. R. Evid. 201.

Judicial notice under Federal Rule of Evidence 201 permits a court to take judicial notice of undisputed facts in matters of public record. *See Khoja*, 899 F.3d at 999. A court may not take judicial notice of disputed facts contained in such public records. *Id.* A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

In contrast to judicial notice, the incorporation by reference doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 999. This doctrine is designed to prevent plaintiffs from selectively referencing portions of documents that support their claims, while omitting portions of those documents that weaken "or doom" their claims. *Id.* The Ninth Circuit has extended this doctrine to consider evidence on which the complaint "necessarily

5

relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12[(c)] motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Ninth Circuit urges courts to use caution when drawing any inferences from documents incorporated by reference on a motion to dismiss or for judgment on the pleadings. *See Khoja*, 899 F.3d at 1003 (noting that "the incorporation by reference doctrine is designed to prevent artful pleading by plaintiffs," and is "not a tool for defendants to short-circuit the resolution of a well-pleaded claim.").

### b. Defendants' Request

Defendants request that the Court take judicial notice of six documents, including: 1) the state court complaint filed by Midland against Plaintiff; 2) a copy of Jeanette Ruff's Declaration in Lieu of Testimony ("Ruff Declaration") filed in the state court action; 3) the trial brief filed by Plaintiff in the state court action; 4) the post-trial brief filed by Plaintiff in the state court action; 5) the state court's Statement of Decision; and 6) a copy of the docket in the state court action. *See* Doc. No. 16-3. The Court need not take judicial notice of the Ruff Declaration and the Statement of Decision as Plaintiff attached those documents as exhibits in support of his amended complaint. *See* Doc. No. 3-1, Ex. 2-3. As to the other four documents, state court documents are generally available for judicial notice. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotations and citation omitted)); *see also Victoria v. City of San Diego*, 326 F. Supp. 3d 1003, 1012 (S.D. Cal. 2018). Plaintiff does not object to Defendants' request. Accordingly, the Court grants the request and takes notice of these documents.

### c. Plaintiff's Request

Plaintiff requests that the Court take judicial notice of two documents, specifically an order entered by the Consumer Financial Protection Bureau in *In the Matter of: Encore Capital Group, Inc., et al*., 2015-CFPB-0022, and an order entered by the district

court in *Bureau of Consumer Financial Protection v. Encore Capital Group, Inc., et al.*, No. 3:20-cv-01750-GPC-KSC (S.D. Cal. Sept. 8, 2020).  *See* Doc. No. 22-1.  Defendants object to Plaintiff's request, arguing that the reason for the request is to have the Court take judicial notice of facts set forth in the documents, which the Court may not do.  As noted above, courts may "take judicial notice of court filings and other matters of public record[, as they] are readily verifiable and, therefore, the proper subject of judicial notice."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (internal citation omitted).  However, Defendants' objection is well-taken in so far as "the court may take judicial notice of the existence of unrelated court documents, although it will not take judicial notice of such documents for the truth of the matter asserted therein."[3]  *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).  Thus, the Court grants Plaintiff's request but takes notice only of the documents' existence, not their content.

### 3. Analysis

#### a. *Rooker-Feldman* Doctrine

Defendants argue that the *Rooker-Feldman* doctrine bars subject matter jurisdiction and thus dismissal is required pursuant to Rule 12(b)(1).  Specifically, Defendants argue that the "[C]ourt ha[s] no subject matter jurisdiction because the claims seek de facto appellate review of a state court judgment."  Doc. No. 16 at 2.  Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because "the current case does not constitute a de facto appeal."[4]  Doc. No. 22 at 16.

---

[3] Defendants also object to certain statements set forth in Plaintiff's Declaration filed in support of his response in opposition to Defendants' motion to dismiss.  *See* Doc. No. 23-1 at 2-3.  The Court ultimately finds the disputed portions of the declaration irrelevant to the disposition of the instant proceedings.  Accordingly, the Court **OVERRULES AS MOOT** Defendants' objections thereto.

[4] Alternatively, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because "this case fall[s] within the extrinsic fraud exception to the doctrine."  Doc. No. 22 at 12.  Because the Court finds that this action does not constitute a de facto appeal from the state court judgment against Plaintiff, it need not resolve Plaintiff's assertion of extrinsic fraud.

The *Rooker-Feldman* doctrine limits a federal district court's subject matter jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). "The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . .[]then there is jurisdiction.'" *Id.* at 293 (quoting *GASH Assocs. v. Vill. Of Rosemont Ill.*, 995 F.2d 726, 728 (7th Cir. 1993)). *Rooker-Feldman* does not bar jurisdiction "if . . . a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party[.]" *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (2004) (quoting *Noel*, 341 F.3d at 1164). As such, "*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian*, 359 F.3d at 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir. 2003)). But a suit is a de facto appeal only if "the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Kougasian*, 359 F.3d at 1140.

Here, Plaintiff asserts as his injury that Defendants' "characterization of R[uff] as an 'officer' . . . was false and misleading" and this "false and misleading assertion to the [State] Court in the Underlying Action that Ruff was an officer, and Defendants' concealment of this assertion from [Plaintiff] were acts that, both separately and in connection with one another, constituted unfair and misleading conduct resulting in damage" to Plaintiff and violation of the FDCPA. FAC ¶¶ 14, 23. According to Plaintiff, "Defendants' false and misleading conduct ultimately was the deciding factor in the Underlying Action, resulting in an improperly obtained judgment against" Plaintiff. *Id*. ¶ 21. Plaintiff seeks as his remedy actual damages, statutory damages, costs, and

reasonable attorney fees pursuant to 15 U.S.C. § 1692k.  Thus, while Plaintiff "den[ies] a legal conclusion that a state court has reached in a case to which [Plaintiff] was a party," *Exxon Mobil Corp.*, 544 U.S. at 293, he does not seek expressly "relief from the state court judgment." *Kougasian*, 359 F.3d at 1140.  Accordingly, the Court finds that this action is not barred by the *Rooker–Feldman* doctrine.  *See, e.g.*, *Jenkins-Brown v. Liberty Acquisitions Servicing, LLC*, No. 3:14-cv-01610-ST, 2015 U.S. Dist. LEXIS 125044, at *15 (D. Or. July 29, 2015) (citing *Foster v. D.B.S. Collection Agency*, 463 F Supp2d 783, 798 (S.D. Ohio 2006) (*Rooker-Feldman* does not bar FDCPA claim when plaintiffs' alleged injuries "are not the result of the state court judgments themselves, but rather from the allegedly illegal practices Defendants used to obtain those state court judgments.")).

b. Issue Preclusion

Defendants alternatively seek entry of judgment on the pleadings pursuant to Rule 12(c), arguing that Plaintiff's FDCPA claims are precluded because the underlying issues were resolved or could have been resolved in the state court action.[5]  Plaintiff responds that the issues "were not litigated because Midland thwarted Webb's ability to fully litigate the claims."  Doc. No. 22 at 22.

Collateral estoppel, or issue preclusion is "distinct from the *Rooker-Feldman* question." *Maldonado*, 370 F.3d at 950.  The doctrine forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Collateral estoppel is applicable

> only if several threshold requirements are fulfilled.  First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former

---

[5] Under the Full Faith and Credit Statute, federal courts must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state.  *See* 28 U.S.C. § 1738; *see also Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990). "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Id*. at 342 (quoting *People v. Sims*, 32 Cal. 3d 468, 485 (1982)). As such, "when a party has had a fair opportunity to litigate an issue and does not succeed, that party may not disguise the claim as something else or bring essentially the same claim in a different court in hopes of burdening defendant once more." *Moreno v. Fannie Mae*, No. 2:15-cv-00199-ODW, 2015 U.S. Dist. LEXIS 97076, at *7 (C.D. Cal. July 23, 2015).

Importantly, the "focus" of the collateral estoppel "inquiry should be on whether the party against whom issue preclusion is being sought had 'an adequate *opportunity* to litigate'" the issue in the prior proceeding. *Murray v. Alaska Airlines, Inc.*, 50 Cal. 4th 860, 869 (2010) (quoting *United States v. Utah Constr. Co.*, 384 U.S. 394, 422 (1966)) (emphasis added). "The doctrine of collateral estoppel applies on issues litigated even though some factual matters or legal arguments which could have been raised were not." *Lucas v. County of Los Angeles*, 47 Cal. App. 4th 277, 286 (1996). As one California appellate court has explained:

> If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigable.

*Interinsurance Exch. of the Auto. Club v. Superior Court*, 209 Cal. App. 3d 177, 182 (1989).

1    Here, Plaintiff does not dispute that all the elements for collateral estoppel are

2    satisfied.  The parties were in privity and there was a final judgment on the merits in the

3    state court action.  *See, e.g.*, *Dailey v. City of San Diego*, 223 Cal. App. 4th 237, 255

4    (2013).  In addition, the underlying facts of Plaintiff's current claims were within the

5    scope of the state court action as clearly indicated in the state court record.  Plaintiff

6    elected to place the Ruff Declaration and Defendants' use thereof and reliance thereon

7    squarely at issue in the state court action.  After considering Plaintiff's multiple

8    objections to the Ruff Declaration and overruling them all, the state court determined that

9    the Declaration was valid and admissible.[6]  Plaintiff could have challenged the legal

10   adequacy of the service of the Declaration – the gravamen of his current claim – in the

11   state court action; he did not do so.  Plaintiff also could have availed himself of his right

12   to pursue a direct appeal from the judgment entered against him; he did not do so.  The

13   relevant facts were within the scope of the state court action, "related to the subject-

14   matter and relevant to the issues, so that [they] could have been raised," and therefore

15   "the [state court] judgment is conclusive."  *Villacres v. ABM Industries Inc.*, 189 Cal.

16   App. 4th 562, 576 (2010); *see also Basurto v. Imperial Irrigation Dist.*, 211 Cal. App. 4th

17   866, 888 (2012) ("[E]ven though the causes of action be different, the prior determination

18   of an issue is conclusive in a subsequent suit between the same parties as to that issue and

19   every matter which might have been urged to sustain or defeat its determination.")

20   (quoting *Pacific Mut. Life Ins. Co. v. McConnell*, 44 Cal. 2d 715, 724–725 (1955)).

21   Moreover, "the public policies underlying collateral estoppel—preservation of the

22

23

---

24   [6] And even if the state court erred in concluding that the Ruff Declaration was admissible, "that error
25   does not preclude the application of collateral estoppel, for 'collateral estoppel may apply even where
     the issue was wrongly decided in the first action.'"  *Proctor v. Vishay Intertechnology, Inc.*, 213 Cal.
26   App. 4th 1258, 1270 (2013) (quoting *Murphy v. Murphy*, 164 Cal. App. 4th 376, 407 (2008).  "By
     failing to appeal and seek a correction of the error through a reversal of the judgment, it is as conclusive
27   upon the plaintiff as if at the trial he had omitted to present sufficient evidence to the court in support of
     his demand."  *Proctor*, 213 Cal. App. 4th at 1270 (quoting *Lamb v. Wahlenmaier*, 144 Cal. 91, 95
28   (1904)).

integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation"—are served in this case. *Lucido*, 51 Cal. 3d at 343.

Plaintiff's conclusory assertion that he failed to raise the underlying factual issues in the state court action "because Midland thwarted" his "ability to fully litigate the claims" is not well-taken. Doc. No. 22 at 22. The record clearly reflects that Midland filed the Ruff Declaration on the docket of the state court action on November 13, 2019. *See* Doc. Nos. 3-3, 16-5, and 16-9. The filed copy of the declaration was publicly available and accessible by Plaintiff, proceeding through counsel, at the time Plaintiff filed his trial brief on December 16, 2019 and prior to trial on December 17, 2019. *See* Doc. No. 16-9. Plaintiff therefore had the opportunity to challenge the Ruff Declaration in all relevant respects – including any discrepancies between the service copy and the filed copy – at trial as well as during post-trial proceedings. Plaintiff's contrary allegations that "behind [his] back, Defendants presented legally significant, differing information to the adjudicating officer" and "Defendants' assertion that Ruff is an 'officer' was never revealed to [Plaintiff] or counsel until the issuance of the statement of decision in the Underlying Action," FAC ¶¶ 16, 22, are belied by the state court record – which Plaintiff himself does not challenge as accurate – and therefore need not be taken as true by the Court. *See Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice."); *see also Stewart v. Kodiak Cakes, LLC*, No. 19-cv-2454-MMA (MSB), 2021 U.S. Dist. LEXIS 82267, at *85 (S.D. Cal. Apr. 28, 2021) ("A court does not accept as true allegations contradicted by documents attached to or referred to in the complaint [or] matters subject to judicial notice. . ..").

Ultimately, Plaintiff "had an adequate incentive to fully litigate" these issues in the state court proceeding and "had a fair opportunity" to do so. *Murphy*, 164 Cal. App. 4th at 404 (internal citations omitted). Plaintiff is collaterally estopped from litigating these

12

issues in this court. *See, e.g.*, *Kemper v. Cty. of San Diego*, 242 Cal. App. 4th 1075, 1090 (2015) ("[T]he fact a party asserts new legal or factual theories or new evidence relevant to an issue previously decided does not affect the applicability of the collateral estoppel bar."). And because collateral estoppel bars this action, amendment of Plaintiff's complaint would be futile; thus, dismissal is with prejudice. *See, e.g.*, *Rainwater v. Banales*, 2008 WL 5233138, at *9 n.6 (C.D. Cal. Dec. 15, 2008) ("Because of the unavoidable applicability of res judicata and collateral estoppel, granting Plaintiff leave to amend would be futile."); *see also Cruz v. Child Welfare Servs.*, Civ. No. 16-00669 JMS-KSC, 9-10 (D. Haw. Feb. 28, 2017).

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and **DISMISSES** this action in its entirety with prejudice. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: September 13, 2021

HON. MICHAEL M. ANELLO
United States District Judge